# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 11-495V
Filed: August 15, 2013

```
*************************************
MALORY K. ROLLINS, a minor,        *        NOT TO BE PUBLISHED
by and through her natural parent  *
and guardian, KRISTY ROLLINS,      *
                                   *
            Petitioner,            *        Special Master Zane
                                   *
      v.                           *        Stipulation; influenza (flu) vaccine;
                                   *        opsoclonus-myoclonus syndrome;
SECRETARY OF HEALTH                *        acute cerebellar ataxia
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
                                   *
*************************************
```

*Lawrence Gene Michel,* Kennedy, Berkley, et. al., Salina, KS, for Petitioner
*Darryl Wishard*, United States Dep't of Justice, Washington, DC, for Respondent

## UNPUBLISHED DECISION[1]

 On August 15, 2013, the parties in the above-captioned case filed a Stipulation memorializing their agreement as to the appropriate amount of compensation in this case. Petitioner alleges that her child suffered from opsoclonus-myoclonus syndrome, which caused acute cerebellar ataxia and its related symptoms as a consequence of the child receiving an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table, 42 C.F.R § 100.3(a), and which the child received on or about October 21, 2009. Petitioner alleges that her

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post it on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, § 205, 44 U.S.C. § 3501 (2006). The decisions of the special master will be made available to the public with the exception of those portions that contain trade secret or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would clearly be an unwarranted invasion of privacy. As provided by Vaccine Rule 18(b), each party has 14 days to file a motion requesting the redaction from this decision of any such alleged material. In the absence of a timely request, which includes a proposed redacted decision, the entire document will be made publicly available. If the special master, upon review of a timely filed motion to redact, agrees that the identified material fits within the categories listed above, the special master shall redact such material from the decision made available to the public. 42 U.S.C. § 300aa-12(d)(4); Vaccine Rule 18(b).

1

child experienced the residual effects of this injury for more than six months. Petitioner also represents that there have been no prior awards or settlement of a civil action for these damages. Petitioner seeks compensation related to her injuries pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34.

Respondent denies that the flu vaccine caused Petitioner's child's opsoclonus-myoclonus syndrome, acute cerebellar ataxia or any other injury and denies that Petitioner's child's current disabilities are sequelae of the alleged vaccine-related injury. Nonetheless, the parties have agreed informally to resolve this matter. Stipulation, Appendix A hereto.

The undersigned hereby ADOPTS the parties' said Stipulation, attached hereto as Appendix A, and awards compensation in the amount and on the terms set forth therein. Specifically, Petitioner is awarded:

a. **a lump sum of $40,000.00, in the form of a check payable to Petitioner, for reimbursement of past expenses paid on behalf of Malory; and**

b. **a lump sum of $210,000.00, in the form of a check payable to Petitioner, as guardian of Malory's estate.** This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The Court thanks the parties for their cooperative efforts in resolving this matter. In the absence of a motion for review filed pursuant to RCFC, Appendix B, the Clerk is directed to enter judgment accordingly.[2]

**IT IS SO ORDERED.**


s/Daria J. Zane
Daria J. Zane
Special Master

---

[2] This document constitutes a final "decision" in this case pursuant to 42 U.S.C. § 300aa-12(d)(3)(A). Unless a motion for review of this decision is filed within 30 days, the Clerk of the Court shall enter judgment in accordance with this decision. Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MALORY K. ROLLINS, a minor, by and through her natural parent and guardian, KRISTY ROLLINS, | ) ) ) ) ) |
| Petitioner, | ) No. 11-495V ECF |
| v. | ) Special Master Zane |
|  | ) ) |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) |
|  | ) |
| Respondent. | ) ) ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, on behalf of her daughter, Malory K. Rollins ("Malory"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to the receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Malory received the flu vaccine on October 21, 2009.

3. The vaccine was administered within the United States.

4. Petitioner alleges that, as a result of receiving the vaccine, Malory suffered from opsoclonus-myoclonus syndrome, which caused acute cerebellar ataxia and its related symptoms.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Malory as a result of an alleged vaccine-related injury.

1

6.    Respondent denies that the vaccine caused Malory to suffer any of the alleged injuries or any other injuries.

7.    Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.    As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

>    A.    A lump sum of $40,000.00, in the form of a check payable to the petitioner, for reimbursement of past expenses paid on behalf of Malory; and
>
>    B.    A lump sum of $210,000.00, in the form of a check payable to the petitioner, as guardian of Malory's estate.

The above payments represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.    As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.    Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

2

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of Malory, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian of Malory's estate under the laws of the State of Nebraska. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing the appointment of a guardian for Malory's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian of Malory's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian of Malory's estate upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraph 8, and any payments that may be made as described in paragraph 9, petitioner, in her individual capacity, and on behalf of Malory, and Malory's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements,

3

judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Malory resulting from, or alleged to have resulted from, the flu vaccine administered on October 21, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about August 1, 2011, in the United States Court of Federal Claims as petition No. 11-495V.

15.     If Malory should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.     There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.     The parties further agree and understand that the award described in this stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Malory to suffer from her alleged injuries or any other injury.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representative of Malory.

**END OF STIPULATION**

5

Respectfully submitted,

**PETITIONER:**

KRISTY ROLLINS

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:** | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:** |

LARRY G. MICHEL
Kennedy Berkley Yarnevich & Williamson
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS 67402-2567
(785) 825-4674

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

**ATTORNEY OF RECORD FOR RESPONDENT:**

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
    Injury Compensation (DVIC)
Director, Countermeasures Injury
    Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
    and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

DARRYL R. WISHARD
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4357

Dated: 8/15/13

6